UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN TROUTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 2:05-CV-040-PRC |
| v. ) | |
| ) | |
| GREAT DANE LIMITED PARTNERSHIP, ) | |
| d/b/a GREAT DANE, MARTEN TRANSPORT, ) | |
| LTD., and POLAR HARDWARE MFG. CO. INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

This matter is before the Court on two Motions: a Motion for Summary Judgment [DE 41], filed by Defendant Polar Hardware Manufacturing Company, Inc. ("Polar Hardware") on June 9, 2006, and a Motion for Summary Judgment [DE 48], filed by Defendant Great Dane Limited Partnership, d/b/a Great Dane ("Great Dane") on July 17, 2006. The Plaintiff has not filed a response to either Motion for Summary Judgment, and the time to respond has passed.

*FACTUAL and PROCEDURAL BACKGROUND*[1]

The Plaintiff, John Troutner, was an independent contractor who drove trucks for Marten Transport, Ltd. On or about June 27, 2003, the Plaintiff picked up a load of cherries in the State of Washington. At the time the Plaintiff picked up the load, he inspected the trailer.

On June 30, 2003, the Plaintiff was driving the semi-truck trailer through Indiana outside Chicago. The Plaintiff parked the semi-truck trailer in order to redistribute the cherries. The Plaintiff entered the trailer without incident. As he exited the trailer, the Plaintiff placed his left hand on a handle or grab bar (hereinafter, "grab bar"), which was attached to the rear door of the

---

[1] Because the Plaintiff, the non-movant, failed to file a response, the Court constructs the factual background from Defendants Polar Hardware's and Great Dane's briefs.

trailer, and stepped down with his left foot.  The grab bar gave way and the Plaintiff fell backwards and landed on the ground.  The Plaintiff does not know what part of the grab bar gave way.  The Plaintiff lost consciousness and alleges to have sustained a head injury.  The Plaintiff cannot recall any other instance when the grab bar came loose.

On December 28, 2004, the Plaintiff filed his Complaint in Porter County Superior Court against Great Dane and Marten Transport alleging that the Defendants placed a trailer with a grab bar into the stream of commerce in a defective and unreasonably dangerous condition that provided the proximate cause of the Plaintiff's injuries.  Defendant Great Dane is the manufacturer and seller of the trailer.  Defendant Marten Transport owned, operated, and maintained the trailer.  On February 2, 2005, Defendant Marten Transport removed the case to this Court.  On March 28, 2005, the Plaintiff amended his Complaint to add Defendant Polar Hardware.  Defendant Polar Hardware is the manufacturer and supplier of the grab bar.

*STANDARD*

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law.  In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v.*

*Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the

non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## *ANALYSIS*

Local Rule 7.1(a) provides that "[f]ailure to respond or reply within the time prescribed may subject the motion to summary ruling." N.D. Ind. L.R. 7.1(a). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Koszola v. Board of Education*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding the trial court's strict enforcement of local rules on summary judgment); *Franklin v. U.S. Steel Corp.*, No. 2:04-CV-246, 2006 WL 905914, at *1 (N.D. Ind. Apr. 7, 2006); *Jones v. Union Tank Car Co.*, No. 05-CV-22, 2006 WL 1195218, at *1 (N.D. Ind. May 4, 2006).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is made an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading."

Fed.R.Civ.P. 56(e). The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond as provided in the Rule. *See* Rule 56(e). Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

In the instant case, the Plaintiff has not raised any genuine issue of material fact in response to summary judgment and the law supports judgment in favor of Defendants Polar Hardware and Great Dane. Turning to the merits, Defendants Polar Hardware and Great Dane argue that summary judgment is appropriate here because the Plaintiff's own expert, James Brusso, testified that the most likely cause of the failure of the grab bar was inadequate and negligent maintenance. Therefore, the movants contend, no reasonable jury could find for the Plaintiff as to Defendants Polar Hardware and Great Dane, as the manufacturer of the grab bar and the manufacturer of the semi-truck trailer, respectively, on a theory of products liability because, according to the Plaintiff's own expert, there is no evidence of any defect.[2]

*CONCLUSION*

---

[2] Pursuant to Indiana law, a plaintiff must prove the following four elements in a products liability case: (1) the defective product was unreasonably dangerous; (2) the defect existed at the time the product left the defendant's control; (3) the product was expected to, and did, reach the consumer without substantial alteration; and (4) the plaintiff's injuries proximately resulted from the defect in the product. *Moss v. Crosman Corp.*, 136 F.3d 1169, 1171 (7th Cir. 1998).

Accordingly, based on the forgoing reasons, the Court **GRANTS** Defendant Polar Hardware Manufacturing Company Inc.'s Motion for Summary Judgment [DE 41] and **GRANTS** Defendant Great Dane Limited Partnership's, d/b/a Great Dane Motion for Summary Judgment [DE 48] and summary judgment is hereby granted in favor of these two Defendants against Plaintiff John Troutner and he shall take nothing by way of his Complaint as against them.

SO ORDERED this 5th day of October, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record